Filed 4/9/25  P. v. Bautista-Castanon CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>MARVYN OSBELI BAUTISTA-CASTANON,<br><br>     Defendant and Appellant. | A170649<br><br>(San Mateo County<br>Super. Ct. No. 18NF0006137A) |

**MEMORANDUM OPINION[1]**

In 2021, defendant Marvyn Osbeli Bautista-Castanon was convicted in count 1 of sexual penetration of a child who was 10 years of age or younger (Pen. Code,[2] § 288.7, subd. (b)), and in count 2 of commission of a lewd act upon a child under 14 years of age (§ 288, subd. (a)).  He was sentenced to prison for a total term of 15 years to life.  (*People v. Bautista-Castanon* (2023) 89 Cal.App.5th 922, 924–925.)  At that time, the trial court ordered Bautista-Castanon to pay $700 to the San Mateo Police Department for the cost of the victim's forensic examination (§ 1203.1h, subd. (b)); a $300 restitution fine plus a 10 percent collection fee (§ 1202.4, subd. (b)); a $300 parole revocation

---

[1] We resolve this case by memorandum opinion pursuant to the California Standards of Judicial Administration, section 8.1.

[2] All undesignated statutory references are to the Penal Code.

fine, stayed pending successful completion of parole (§ 1202.45); an $80 court operations assessment (§ 1465.8, subd. (a)(1)); and a $60 criminal conviction assessment (Govt. Code, § 70373).  In a prior appeal, this court affirmed Bautista-Castanon's convictions but remanded for resentencing under then-recent amendments to sections 654 and 1170 that took effect while his appeal was pending.  (*People v. Bautista-Castanon, supra,* 89 Cal.App.5th at pp. 926–927.)

On remand, the trial court reimposed a term of 15 years to life in prison on count 1, and on count 2, imposed the midterm of six years and stayed that punishment under section 654.  The court also stated that pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157, "[a]ny fines and fees ordered by the Court originally are now vacated" and that it would "impose no fines and fees given the defendant's financial position where he does not have any money to pay."  Finally, the court ordered that the California Department of Corrections and Rehabilitation (CDCR) would "be responsible for calculating [Bautista-Castanon's] overall credits in this case."

On appeal, Bautista-Castanon contends that the abstract of judgment must be amended to reflect the court's oral pronouncement of sentence. Specifically, he notes that the abstract of judgment incorrectly indicates that the court (1) imposed the upper term sentence on count 2, rather than the middle term; (2) imposed $700 in restitution under section 1202.4, subdivision (f); and (3) imposed but "waived" a $300 restitution fine and a $300 parole revocation fee.  He argues that remand is necessary because the

court erred in delegating calculation of his custody credits to the CDCR in violation of section 2900.5, subdivision (d).[3]

The Attorney General agrees, as does this court, that the abstract of judgment should be corrected to reflect that no fines, fees, or assessments were imposed at the resentencing hearing, the court did not order restitution under section 1202.4, subdivision (f), and that Bautista-Castanon received the middle term, not the upper term, for count 2.[4]  The Attorney General further agrees, and this court concurs, that the order delegating the calculation of custody credits to the CDCR should be vacated, and the matter remanded for the trial court to calculate all applicable custody credits.

At the request of the Attorney General, and without objection by Bautista-Castanon, we clarify that on remand, the trial court should (1) award all custody credits, actual and conduct, earned prior to the original sentencing—which appears to be 1,069 actual and 160 conduct credits—and

---

[3] Section 2900.5, subdivision (d), reads:  "It is the duty of the court imposing the sentence to determine the date or dates of any admission to, and release from, custody prior to sentencing and the total number of days to be credited. . . .  The total number of days to be credited shall be contained in the abstract of judgment."  (See also *People v. Buckhalter* (2001) 26 Cal.4th 20, 30 [" 'the court imposing a sentence' has responsibility to calculate the exact number of days the defendant has been in custody 'prior to sentencing,' add applicable good behavior credits earned pursuant to section 4019, and reflect the total in the abstract of judgment"].)

[4] We note that while a restitution fine under section 1202.4, subdivision (b), need not be imposed if the trial court finds a compelling and extraordinary reason not to do so, a defendant's inability to pay does not qualify as a compelling and extraordinary reason.  (§ 1202.4, subd. (c).)  However, the prosecution did not object below or claim that there was no compelling or extraordinary reason for the court's order, and respondent does not challenge the order here.  We thus order the abstract amended, as any objection to the court's order has been waived.  (See *People v. Tillman* (2000) 22 Cal.4th 300, 301–302.)

(2) calculate and award custody credits for the actual days served prior to resentencing. The court shall not, however, calculate and award conduct credits earned after Bautista-Castanon's original sentencing, as such a duty falls to the CDCR. (See *People v. Dean* (2024) 99 Cal.App.5th 391, 395–396 [agreeing that "upon resentencing, the trial court should have updated only the calculation of *actual time* he served in prison and should not have updated the calculation of *conduct credits* for his time in prison"].)

### DISPOSITION

The resentencing order is affirmed, and the matter is remanded. On remand, the trial court shall calculate and award custody credits as set forth above and prepare amended abstracts of judgment reflecting such credits, Bautista-Castanon's correct sentence on count 2, and that no fees and fines were imposed.

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
SIGGINS, J. *

---

* Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4